COMMONWEALTH *vs.* CHRISTOPHER L. LITTLE. July 25, 1983. *Search and Seizure*, Threshold police inquiry, Automobile. *Constitutional Law*, Search and seizure.

Complained of for carrying a firearm under his control in a vehicle without a license to do so (G. L. c. 269, § 10[a]), the defendant Christopher Little moved to suppress the use in evidence of a handgun with ammunition. A judge of the Municipal Court of the City of Boston allowed the motion. On the Commonwealth's appeal under Mass.R.Crim.P. 15(a)(2), we reverse. Officers Daniel O'Neill and James Fong, cruising in a patrol car on Washington Street, Boston, received a radio call to go to Jacques' Bar in Bay Village in the South End to deal with a report that "there was man with a gun." Arriving quickly at location, these officers found a crowd outside the bar with some pointing to the defendant who, at the moment, was seated in a car at the curb.[1] One Nelson and others in the crowd were saying that the defendant had a gun. The officers ordered the defendant out of the car and asked him whether he had a gun. He said no. While Fong and other officers who had arrived were engaged with the defendant, O'Neill entered the car from the driver's side "to check the ignition," as he put it, that is, to see that the car was in park. O'Neill testified further that as he put the weight of his knee on the driver's seat, the muzzle of a black gun appeared in the space between the driver's and passenger's seats, the armrest being half elevated. Thereupon the gun was seized and the defendant was arrested.

---

[1] The judge said that the defendant was walking toward the car when the officers arrived at the scene, but the transcript (a poor transcription from tape) is pretty clearly to the effect mentioned in our text.

Rescript Opinions.

If O'Neill's uncontradicted testimony is accepted, we have a case where the police, performing the commonplace, lawful act of securing a car, find a gun, presumptively contraband (see *Commonwealth* v. *Jones*, 372 Mass. 403, 406 [1977]), in plain view, and lawfully seize it. See *Commonwealth* v. *Bond*, 375 Mass. 201, 206-207 (1978); *Commonwealth* v. *Moynihan*, 376 Mass. 468, 472-473 (1978). But if we take O'Neill's statement of his purpose in entering the car as at least incomplete, and assume that he was also looking for a gun, the seizure should still be held justified. On the basis of the bystanders' outcries that the man in the car had a gun, the police could surely order him out of the car and detain him provisionally. The police were not bound to credit the defendant's denial that he had a gun and could go further and perform a limited search for the weapon on the reasonable theory that he had concealed it, if not on his person then in his immediate vicinity, perhaps as he was leaving the car on the officers' order. All this is permitted by *Terry* v. *Ohio*, 392 U.S. 1 (1968), especially as elaborated in *United States* v. *Place*, 462 U.S. 696 (1983), and *Michigan* v. *Long*, 463 U.S. 1032 (1983); and see *Commonwealth* v. *Almeida*, 373 Mass. 266, 270-272 (1977); *Commonwealth* v. *Silva*, 366 Mass. 402, 408 (1974); *United States* v. *Thomas*, 314 A.2d 464, 468 (App. D.C. 1974). More restrictive rules would interfere with rational and expectable police activity.

The present case, on the more serious view of the facts, is one of a singling out of a person by ostensible observers as being engaged in a current crime on the spot, with the consequence of a right in the police to make a stop and a related limited search. There is therefore no occasion for considering whether or to what extent the assertion by Nelson and others in the crowd could be taken to corroborate the tip of the radio broadcast and justify a search within the admonitions of *Commonwealth* v. *Antobenedetto*, 366 Mass. 51, 56 (1974), see also *Commonwealth* v. *Cosme*, 15 Mass. App. Ct. 448, 452 (1983), or independently to generate probable cause for a search within the requirements of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), as these have been long understood in the Commonwealth or as they may have been recently eased by *Illinois* v. *Gates*, 462 U.S. 213 (1983). The concern of the judge below with *Aguilar-Spinelli* was misplaced and led him into error.

*Order of suppression reversed.*

*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.
*Ronald P. Locke* for the defendant.